DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| All POINTS MARINE, LLC,<br><br>       Plaintiff,<br><br>    v.<br><br>M/V WATER'S EDGE, her tackle,<br>gear and all of her<br>appurtenances, *in rem*,<br><br>       Defendant.<br>─────────────────────────<br>M/V WATER'S EDGE,<br><br>       Counter Claimant,<br><br>    v.<br><br>ALL POINTS MARINE, LLC,<br><br>       Counterclaim<br>       Defendant. | Civil No. 2009-97 |

**ATTORNEYS:**

**Judith Bourne, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff.*

**Alan R. Feuerstein, Esq.**
Buffalo, NY
    *For the defendant.*

**David Marshall Nissman**
St. Croix, U.S.V.I.
    *For the defendant.*

*All Points Marine v. M/V Water's Edge*
Civil No. 2009-97
Memorandum Opinion & Order
Page 2

**MEMORANDUM OPINION & ORDER**

**GÓMEZ, C.J.**

Before the Court is the motion of the defendant, M/V Water's Edge ("Water's Edge" or "the Vessel") to dismiss the complaint. Plaintiff All Points Marine ("All Points") opposes the motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

All Points is a Virgin Islands company that is engaged in selling and repairing marine equipment. Water's Edge is a 450 SeaRay Sundance fiberglass motor vessel, bearing Virgin Islands registration VI 7037TB.

This *in rem* admiralty action was instituted on July 9, 2009, against Water's Edge to enforce a maritime lien. All Points provided repair, labor, and materials to Water's Edge, and claims that it has not been fully paid for those materials and services. All Points claims that the Vessel owes it $57,500.81.

On the same day All Points filed its complaint, it filed a motion seeking issuance of a warrant *in rem*. The Court granted that order and issued the warrant on July 10, 2009. The Vessel was thereafter seized.[1]

Water's Edge has filed a 7-count counterclaim. Count one

---

[1] The marshal failed to file a notice that the Vessel had been seized as directed by the order of the Magistrate Judge. However, the parties agree that the Water's Edge has been seized, pursuant to the order for a warrant issued by this Court.

*All Points Marine v. M/V Water's Edge*
Civil No. 2009-97
Memorandum Opinion & Order
Page 3

alleges that the goods, labor, and services supplied by All Points were supplied negligently. Count two alleges All Points breached warranties of fitness and merchantability. Count three alleges breach of contract. Count four claims that Water's Edge was forced to bring in a mechanic to complete All Points' work. Count five makes a claim for punitive damages. Count six alleges malicious prosecution. Count seven makes a claim for intentional and negligent interference with business relations.

Water's Edge now moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (6), and (7). Water's Edge argues that All Points lacks standing to pursue this action. Additionally, Water's Edge argues that the complaint in this action was improperly filed in that it was not verified, as is required by Local Rule of Admiralty E.3 and Federal Supplemental Rule for Admiralty C(2)(a). Water's Edge further argues that the Vessel has been seized pursuant to a maritime warrant for arrest based upon defective pleadings.

## II. DISCUSSION

It is axiomatic that federal courts are courts of limited jurisdiction, and that they must assess the existence of jurisdiction in each case. *See Carlsberg Resources Corp. v. Cambria Sav. and Loan Ass'n,* 554 F.2d 1254, 1256 (3d Cir. 1977) ("federal courts are without power to adjudicate the substantive

*All Points Marine v. M/V Water's Edge*
Civil No. 2009-97
Memorandum Opinion & Order
Page 4

claims in a lawsuit, absent a firm bedrock of jurisdiction. When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits.")

When constitutional standing does not exist, a federal court lacks subject matter jurisdiction over a plaintiff's claims. *Taliaferro v. Darby Tp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). "Standing implicates both constitutional requirements and prudential concerns." *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009). In undertaking an examination of a plaintiff's constitutional standing to bring an action, a court considers the following elements:

> (1) an injury in fact (i.e., a concrete and particularized invasion of a legally protected interest); (2) causation (i.e., a fairly traceable connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (i.e., it is likely and not merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

*Common Cause of Pa.*, 558 F.3d at 258 (quoting *Sprint Commc'ns Co. v. APCC Servs. Inc.*, 554 U.S. 269 (2008)). The plaintiff bears the burden of establishing standing, and "'each element must be supported in the same way as any other matter on which the

*All Points Marine v. M/V Water's Edge*
Civil No. 2009-97
Memorandum Opinion & Order
Page 5

plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation.'" *FOCUS v. Allegheny County Court*, 75 F.3d 834, 838 (3d Cir. 1996)(quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

   A party may bring either a facial or a factual challenge to the Court's subject-matter jurisdiction pursuant to Rule 12(b)(1). *Gould Electronics, Inc. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000). "Facial attacks . . . contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." *Turicentro, S.A. v. Am. Airlines Inc.*, 303 F.3d 293, 300 n.4 (3d Cir. 2002). "'The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right.'" *Church of Univ. Broth. v. Farmington Tp. Sup'rs*, 296 Fed. Appx. 285, 288 (3d Cir. 2008)(unpublished)(quoting *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). On the other hand, in addressing a factual challenge, courts "are not confined to the allegations in the complaint . . . and can look beyond the pleadings to decide factual matters relating to jurisdiction." *Cestonaro v. United States*, 211 F.3d 749, 754 (3d Cir. 2000).

*All Points Marine v. M/V Water's Edge*
Civil No. 2009-97
Memorandum Opinion & Order
Page 6

### III. <u>ANALYSIS</u>

Water's Edge argues that All Points is the subject of a tax collection proceeding pending before the IRS.  Water's Edge asserts that the IRS has filed a tax lien against All Points.  Water's Edge attached a "Notice of Levy," dated January 8, 2009, sent by the IRS to Water's Edge demanding that Water's Edge turn over to the IRS any of All Points' property or rights to property that Water's Edge has or is obligated to pay All Points.

Water's Edge argues that this levy divests All Points of its ownership of the claim, and that as such All Points lacks standing to bring its claim.  In the alternative, Water's Edge argues that even if All Points retains rights in the subject res, this action must nevertheless be dismissed for failure to include the IRS as a required party under Rule 19(a).

The levy notice Water's Edge has attached provides "[t]his levy requires you to turn over to us this person's property and rights to property (such as money, credits, and bank deposits) that you have or which you are already obligated to pay this person." (Mem. of Law in Supp. of Mot. to Dismiss Ex. 2)  "In a levy proceeding, the IRS steps in the taxpayer's shoes . . . [and] acquires whatever rights the taxpayer himself possesses." *United States v. Nat'l Bank of Commerce*, 472 U.S. 722, 725 (1985)

Case: 3:09-cv-00097-CVG-RM   Document #: 74   Filed: 02/18/11   Page 7 of 8

*All Points Marine v. M/V Water's Edge*
Civil No. 2009-97
Memorandum Opinion & Order
Page 7

(internal quotations and citations omitted). The notice of levy "gives the IRS the right to all property levied upon and creates a custodial relationship between the person holding the property and the IRS so that the property comes into the constructive possession of the Government." *Id.* at 720 (internal citation omitted).

To the extent Water's Edge had an obligation to pay All Points for repair work, and to the extent that obligation was unpaid, it would create a debt for Water's Edge and a right to payment for All Points. That debt necessarily would become the property of the IRS as a consequence of the levy, as would any cause of action arising out of efforts to collect on the debt.

By presenting the "Notice of Levy," Water's Edge challenged whether All Points may satisfy the "injury in fact" constitutional standing requirement. All Points has failed to offer any contrary evidence suggesting that at the time of the filing of its complaint it had a "personal stake"[2] in the recovery of a debt that would be turned over to the IRS. All Points has therefore failed to meet its burden in establishing the "injury in fact" standing requirement. *Cf. Privateer Bay Mgt.*

---

[2] The Court of Appeals for the Third Circuit has noted that the "injury-in fact" element serves to ensure that a plaintiff has a "personal stake" in the litigation. *Danvers Motor Co., Inc. v. Ford Motor Co.*, 432 F.3d 286, 291 (3d Cir. 2005).

*All Points Marine v. M/V Water's Edge*
Civil No. 2009-97
Memorandum Opinion & Order
Page 8

*Corp. v. Heirs of Sewer*, 102 Fed. Appx. 228, 233 (3d Cir. 2004)(unreported)(concluding that plaintiff lacked standing to challenge discrepancies in a deed where "he would not attain an interest in the property" if the conveyance was determined to be deficient); *United States v. Stewart,* 57 Fed. Appx. 936, 938 (3d Cir. 2003)(unreported)(finding that criminal defendants who wished to challenge actions taken with respect to assets that had been subject to criminal forfeiture "simply lack[ed] standing to mount a claim against the forfeited assets" because they possessed no interest in such assets).

Because All Points lacks standing, this Court lacks subject matter jurisdiction over this action. Accordingly, the Court will grant the defendant's motion to dismiss[3].

The premises considered, it is hereby

**ORDERED** that the defendant's motion to dismiss is **GRANTED**; and it is further

**ORDERED** that All Points' complaint is **DISMISSED**.

                                                                   **S\\**_____
                                                          **Curtis V. Gómez**
                                                          **Chief Judge**

---

[3] As the Court finds that dismissal is appropriate because of All Points' lack of standing, the Court need not reach the other arguments for dismissal raised by Water's Edge.